Jajaes J. Conroy, J.
Motion by the plaintiff to dismiss the defendant’s counterclaim on the grounds that the defendant does not have legal capacity to recover on said counterclaim and that it is not one which may properly be interposed in this action.
*535 The complaint alleges in substance that the plaintiff paid to the defendant the sum of $17,500 in consideration for the latter’s agreement to purchase for him and arrange for financing the acquisition costs of and the care for 175 Hereford heifer calves, and that the defendant failed and refused to perform said agreement and to return to the plaintiff all or any part of the said sum of $17,500 paid to him by the plaintiff. While the defendant admitted the execution of the foregoing agreement, he denied generally the material allegations of the complaint, and by way of counterclaim demanded an accounting of the profits allegedly made by the plaintiff and the losses sustained by Black Ranches Inc., a Nebraska corporation, the corporate assets of which it is claimed were wasted by the plaintiff among other persons. Defendant also alleges the creation of an Illinois trust of the capital stock of Black Ranches, Inc., which trust it is claimed was created for the benefit of creditors and stockholders of the said corporation, and that he, the defendant, as one of such creditors and stockholders is a beneficiary of the trust and seeks a ratable distribution of the recovery to the creditors and stockholders of Black Ranches, Inc.
It appears that proceedings for the reorganization of the said corporation, under chapter 10 of the Bankruptcy Act (U. S. Code, tit. 11), were commenced in the United States Court for the District of Nebraska in or about October, 1954; that on October 15, 1956, that court appointed a trustee for said corporation with all the powers of a trustee appointed pursuant to section 44 of the act. The order appointing the said trustee invested him with the sole and exclusive power to prosecute any claims which Black Ranches, Inc. might have and further enjoined all persons, including creditors and stockholders, from taking legal action either on behalf of or against the corporation. More than a year after the commencement of the reorganization of Black Ranches, Inc., although before the injunctive order was issued, an action was brought in the Circuit Court of Cook County, State of Illinois, by various individuals, including the defendant’s son, in their individual as well as representative capacity as creditors and stockholders of said corporation and as beneficiaries of an alleged express trust of the stock of said corporation against various individuals, including the plaintiff. In that action, essentially the same claim of waste of corporate assets and breach of trust alleged in the counterclaim was asserted. The complaint was dismissed by the Circuit Court and the dismissal was affirmed on appeal by the Illinois Appellate Court, which stated in part: “ Any rights or claims that plaintiffs purport to have may be asserted by the trustee in that *536 proceeding.” (Reorganization proceeding pending in the United States Court for the District of Nebraska.)
Under all these circumstances, the court is of the opinion that the defendant has no legal capacity to assert the counterclaim against the plaintiff, and in any event, it is not such as may be interposed in this action, since it is derivative in character, and the defendant herein is sued only in his individual capacity and on a claim wholly unconnected with the business and affairs of Black Ranches, Inc.
The motion is accordingly granted.
Submit order.